OPINION
Appellant Margaret Anthony is appealing a verdict rendered in the Stark County Court of Common Pleas on the basis that it is inadequate and against the manifest weight of the evidence. The facts of this case are as follows.
On February 13, 1993, appellant sustained injuries in a motor vehicle accident. At the time of the accident, appellant was a passenger in a vehicle operated by Appellee Ida Hunt. The vehicle occupied by appellant crossed over four lanes of traffic and collided into the vehicle operated by Mr. Campbell. Appellee's vehicle was lifted up off the ground and landed on top of the hood of Mr. Campbell's vehicle.
Appellant went to the emergency room following the accident and subsequently received one hundred and seven physical therapy treatments and visited her treating physicians thirty-eight times. Appellant incurred approximately $17,502.59 in medical expenses based upon injuries she claims she received to her right shoulder, neck and back.
At trial, appellant's expert, Dr. Pacquelet, testified that the medical bills in the amount of $17,502.59 were reasonable and necessary as a direct and proximate cause of the accident. Dr. Robert Manns testified on behalf of appellee and stated that the medical treatment appellant received as a direct and proximate cause of the accident covered the treatment which was rendered between February 13, 1993, through the end of summer of 1993.
Following the jury's verdict, appellant filed a motion for new trial upon the grounds that the jury's verdict of $5,000 was inadequate and not sustained by the weight of the evidence. The trial court overruled appellant's motion on May 9, 1997. Appellant timely filed her notice of appeal and sets forth the following assignments of error:
 I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF'S MOTION FOR A NEW TRIAL BASED UPON THE GROUNDS OF INADEQUATE DAMAGES AND/OR THE JURY'S VERDICT WAS UNSUSTAINED BY THE WEIGHT OF THE EVIDENCE.
 II. WHETHER THE JURY'S VERDICT IN THE CASE AT BAR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
We will address both of appellant's assignments of error simultaneously as both concern whether the jury's verdict was against the manifest weight of the evidence. Appellant contends the verdict was not supported by the weight of the evidence because even Dr. Manns, appellee's expert, testified that the treatment received by appellant, that was necessary due to the accident, continued through the end of summer of 1993. Appellant argues that based upon Dr. Manns' testimony, appellant should have at least received $5,581.19 in damages for medical expenses rendered up to that point. We disagree.
The standard of appellate review on a motion for new trial is abuse of discretion. Civ.R. 59. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Therefore, we must look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. For the reasons that follow, we find the trial court did not abuse its discretion.
Dr. Manns' medical opinion, at trial, was that appellant sustained an injury to her shoulder, probably bruising, and may have sustained a pulled ligament type of injury to her neck or back, but primarily her neck and not her back. Tr. Vol. II at 108. Dr. Manns also testified that he did not believe the complaints of pain in her neck and lower back were proximately caused by the motor vehicle accident but related to her degenerative arthritis. Tr. Vol. II at 109, 111-114, 116. Dr. Manns based his opinion upon the fact that appellant made no complaints of back pain while at the emergency room immediately following the accident. Tr. Vol. II at 95. Further, the medical records from three weeks after the accident, which Dr. Manns reviewed, did not indicate that appellant was suffering from any low back pain at that time. Tr. Vol. II at 112. Finally, Dr. Manns testified that Dr. Paquelet's notes first mention pain down the left buttocks and left leg in 1995. Tr. Vol. II at 113.
The above testimony, by Dr. Manns, could be the evidence that convinced the jury that appellant did not suffer injuries to her neck or back as a result of the auto accident on February 13, 1993. Based upon the above testimony, the jury could have believed that appellant's neck and back pain was due to degenerative arthritis and not the accident itself. If the jury believed Dr. Manns' testimony, then the treatments appellant received for her neck and back were not a proximate result of the accident.
Therefore, the only medical expenses the jury may have determined were necessary were those relating to appellant's right shoulder. Further, the jury could have also decided to believe Dr. Manns' testimony that the treatments were only necessary through the summer of 1993.
Based upon this, the jury's verdict of $5,000 would not be against the manifest weight of the evidence if such verdict was based upon treatment only for medical expenses related to appellant's right shoulder for the time period through the summer of 1993.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. An appellate court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1983), 66 Ohio St.3d 610. The only way to avoid the above result would have been to submit jury interrogatories on the issue of proximate cause as it relates to damages. However, without such interrogatories we are left with the above analysis.
Based upon our review of the expert testimony, we find sufficient evidence, if believed, to substantiate the jury's decision and the trial court's denial of the motion for new trial.
Appellant's first and second assignments of error are overruled.
The judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J. and Reader, J., concurs.
Gwin, P.J., dissents.
Stark County, Case No. 97-170